IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

**TRACEY WAYNETTE WILLIAMS,**     **CASE NO.: 08-81559**
      **Debtor.**

**TRACEY WAYNETTE WILLIAMS,**     Adversary Proceeding No.: 09-09029

      **Plaintiff,**

v.

**WASHINGTON BOULEVARD MOTORS, INC.,
"DETECTIVE EVANS", AND ALISINA NEZAM,**

      **Defendant.**

## ANSWER TO AMENDED COMPLAINT

NOW COMES Washington Boulevard Motors, Inc. and Alisina Nezam ("Washington" and "Nezam") in response to the Amended Complaint for Sanctions for Continuing, Wilful Violations of the Automatic Stay ("Amended Complaint") and state as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to the case by Rule 7012 of the Bankruptcy Rule.

## SECOND DEFENSE

1. The allegations contained in paragraph 1 of the Amended Complaint are admitted.

2. The allegations contained in paragraph 2 of the Amended Complaint are admitted upon information and belief.

3. It is admitted that Citifinancial Auto and National Finance Company, Inc. were listed on the Debtor's schedules as the first and second lienholders on a 2002 Mercedes. Except as specifically admitted herein, the remaining allegation contained in paragraph 3 of the Amended Complaint are denied.

4. The allegations contained in paragraph 4 of the Amended Complaint are admitted.

5. The allegations contained in paragraph 1 of the Amended Complaint are admitted upon information and belief.

6. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 6 of the Amended Complaint and the same are therefore denied.

7. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 7 of the Amended Complaint and the same are therefore denied.

8. The allegations contained in paragraph 8 of the Amended Complaint are denied.

9. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 9 of the Amended Complaint and the same are therefore denied.

10. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 10 of the Amended Complaint and the same are therefore denied.

11. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 11 of the Amended Complaint and the same are therefore denied.

12. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 12 of the Amended Complaint and the same are therefore denied.

13. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 13 of the Amended Complaint and the same are therefore denied.

14. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 14 of the Amended Complaint and the same are therefore denied.

15. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 15 of the Amended Complaint and the same are therefore denied.

16. It is admitted that Nezam received a phone call from Plaintiffs' counsels' office. Except as specifically admitted herein, the remaining allegations contained in paragraph 16 of the Amended Complaint are denied.

17. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 17 of the Amended Complaint and the same are therefore denied.

18. The allegations contained in paragraph 18 of the Amended Complaint are denied.

19. The allegations contained in paragraph 19 of the Amended Complaint are denied.

20. The allegations contained in paragraph 20 of the Amended Complaint are admitted.

21. The allegations contained in paragraph 21 of the Amended Complaint are denied.

22. The allegations contained in paragraph 22 of the Amended Complaint are denied.

23. The allegations contained in paragraph 23 of the Amended Complaint are denied.

24. The allegations contained in paragraph 24 of the Amended Complaint are denied.

25. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 25 of the Amended Complaint and the same are therefore denied.

26. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 26 of the Amended Complaint and the same are therefore denied.

27. It is admitted that Exhibit B is attached to the Amended Complaint and that it speaks for itself. Except as specifically admitted herein, the remaining allegations contained in paragraph 27 of the Amended Complaint are denied.

28. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 28 of the Amended Complaint and the same are therefore denied.

29. The allegations contained in paragraph 29 of the Amended Complaint are denied.

30. The allegations contained in paragraph 30 of the Amended Complaint are admitted.

31. The allegations contained in paragraph 31 of the Amended Complaint are denied.

32. The allegations contained in paragraph 32 of the Amended Complaint are denied.

33. The allegations contained in paragraph 33 of the Amended Complaint are denied.

34. The allegations contained in paragraph 34 of the Amended Complaint are admitted.

35. The allegations contained in paragraph 35 of the Amended Complaint are admitted.

36. The allegations contained in paragraph 36 of the Amended Complaint are admitted.

37. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 37 of the Amended Complaint and the same are therefore denied.

38. It is admitted that counsel for the Plaintiff did contact counsel for Washington and Nezam. Except as specifically admitted herein, the remaining allegations contained in paragraph 38 of the Amended Complaint are denied.

39. The allegations contained in paragraph 39 of the Amended Complaint are denied.

40. Washington and Nezam have insufficient information to form a reasonable belief as to the truth of the matters asserted in paragraph 40 of the Amended Complaint and the same are therefore denied.

## THIRD DEFENSE

Nezam and Washington had no actual knowledge of the Plaintiff's bankruptcy case until after repossession procedures had been initiated. Nezam and Washington took reasonable measures to stop repossession procedures upon learning of the bankruptcy, but were unable to do so.

## FOURTH DEFENSE

Neither Nezam nor Washington acted wilfully or maliciously with regard to the Debtor or her property.

## FIFTH DEFENSE

Nezam and Washington took reasonable and timely actions to secure the return of the Debtor's vehicle upon learning of the bankruptcy and the repossession, and in fact, the vehicle has been returned to Debtor's counsel.

## SIXTH DEFENSE

Any actions taken by any other party which were not consistent with federal or state law were not authorized by Nezam or Washington and were outside any alleged agency relationship.

WHEREFORE, Defendants Nezam and Washington pray the Court that:

1. The Amended Complaint be dismissed and that the Plaintiff recover nothing from them;

2. The costs of this matter be assessed against the Plaintiff;

3. It enter such other and further relief as it deems just and proper.

This the 26th day of August, 2009.

> *s/Stephani W. Humrickhouse*
> Stephani W. Humrickhouse
> State Bar #9528
> NICHOLLS & CRAMPTON, P.A.
> Post Office Box 18237
> Raleigh, North Carolina  27619
> Telephone:  919-781-1311
> Facsimile:  919-782-0465
> shumrickhouse@nichollscrampton.com
> Attorney for Washington Boulevard Motors, Inc. and Alisina Nezam

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing ANSWER TO AMENDED COMPLAINT was served this day by placing a copy thereof in a depository under the exclusive care and custody of the United States Postal Service in a postage prepaid envelope and properly addressed as follows:

>Edward C. Boltz
>1738 Hillandale Rd., Suite D
>Durham, NC 27705
>
>Richard M. Hutson, II
>302 East Pettigrew Street, Suite B-140
>P.O. Box 3613
>Durham, NC 27702

This the 27th day of August, 2009.

>*s/Jennifer H. Davison*
>Jennifer H. Davison, Paralegal
>NICHOLLS & CRAMPTON, P.A.

*O:\NB\A - Nezam, Ali\ANSWER.wpd*